## ESTATE OF D. J. WILLIAMS, DECEASED.

APPEAL BY WILLIAM PICKERING FROM THE ORPHANS' COURT OF BRADFORD COUNTY.

Argued March 17, 1891—Decided April 13, 1891.

(*a*) On a claim by a widow for the exemption out of the real estate of her deceased husband, made within three months after her husband's death, the appraisement was duly had and made and the papers left in the office of the register of wills, without being approved by the Orphans' Court and filed of record therein.

1. In such case, where it appeared that no one sustained any injury by the apparent delay, it was not error to confirm a second appraisement regularly made and presented more than three years after the husband's death: under the circumstances, the court below would have been justified in confirming the appraisement nunc pro tunc.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 211 January Term 1891, Sup. Ct.; court below, number and term not shown.

On April 8, 1889, upon notice of the election of Elizabeth Williams, widow of Daniel J. Williams, deceased, to retain real estate of the deceased not exceeding $600 in value, under § 5, act of April 14, 1851, P. L. 613 and § 1 act of November 27, 1865, P. L. (1866) 1227, an inventory was filed certifying an appraisement of a tract of land, fully described, containing fifteen acres more or less, at the sum of $390. The inventory, accompanied by the election of the said widow to retain the said real estate at the appraisement, was confirmed nisi on May 9th.

On September 5, 1889, William Pickering, a judgment creditor of Daniel J. Williams, deceased, filed exceptions to said appraisement, averring that no valid appraisement or valuation to said widow was made until three years and five months after letters of administration had been granted upon the decedent's estate; that no notice of the widow's election was ever given to the exceptant, and no such claim was filed of record or in the proper office until two years one month and eleven days after said letters had been granted, and after exceptant had employed counsel and incurred expenses and costs in the effort to collect his judgment; that the real estate set apart for the widow was worth more than the sum at which it had been appraised; that no inventory of the personal estate of the decedent was filed until more than two years after letters of administration had been granted, and after said personal estate had been used up by said widow, or destroyed, or much depreciated in value; and that the claimant had forfeited her right to the benefit of the exemption law by her laches.

Depositions taken and filed by the parties disclosed, inter alia, that Daniel J. Williams had died in August, 1885, leaving personal estate of very little if any value; that on November 28, 1885, a formal appraisement of the same parcel of land had been made by the same appraisers at the same amount, accompanied by an election signed by the widow retaining the same at said appraisement; that, instead of being filed in the Orphans' Court, that appraisement and election had found its way into the register's office where it had remained; that the

widow had paid to the administrator $90, the excess of the appraisement over the amount allowed by the exemption law; that the decedent's death was suggested upon the record of the exceptant's judgment on November 10, 1887, and an order made on February 14, 1888, substituting Daniel E. Russell, administrator of Daniel J. Williams, deceased, as defendant on the record of the judgment, but providing that no execution should be had until a scire facias was issued in accordance with § 33, act of February 24, 1834, P. L. 79.

Said exceptions having been argued, an order was made on February 8, 1890, SITTSER, P. J., confirming the appraisement of April 8, 1889, absolutely, and decreeing accordingly; exception. Thereupon, the exceptant took this appeal, assigning the decree discharging the rule to set aside the appraisement and confirming the appraisement absolutely, for. error.

*Mr. James Wood*, for the appellant.

Counsel cited: Vandevort's App., 43 Pa. 465; Kerns' App., 120 Pa. 530; Berg's Est., 1 Woodw. 75; Billington's App., 3 R. 51; Lyman v. Byam, 38 Pa. 478; Donoghue's Est., 25 W. N. 40; Brant's App., 20 Pa. 142; Morris v. Shafer, 93 Pa. 491; Marks's App., 34 Pa. 37; Davis's App., 34 Pa. 257; Hufman's App., 81 Pa. 332.

*Mr. H. J. Madill*, for the appellee.

Counsel cited: Bobb's Est., 1 Woodw. 318; Galloway's Est., 1 Pears. 404; Baskin's App., 38 Pa. 65; Burk v. Gleason, 46 Pa. 297; Williams's App., 92 Pa. 69; Tibbin's Est., 5 Phila. 100.

PER CURIAM:

This was an appeal from the refusal of the court below to set aside the appraisement of certain real estate, claimed by and set apart to the widow of the decedent under the act of assembly. Were there nothing in the case but the appraisement of April 8, 1889, we might be disposed to reverse the case upon the ground of the delay of the widow in asserting her claim to the exemption, under the authority of Vandevort's App., 43 Pa. 462; Burk v. Gleason, 46 Pa. 297, and other cases. It appears, however, that a claim had been made by her within less than

three months of the death of her husband. This appraisement was what was called the "stray paper" in the paper-book of the appellants and upon the argument at bar. It was urged that it came within the ruling in Kerns' App., 120 Pa. 523, where it was said that a paper, showing the election of the widow, which did not appear upon the record but had been retained in her possession, was a mere private paper and no notice of her election. But, in this case, the paper was in the register's office. It had not been marked filed, but there was evidence that the appraisement had been made at the time it bears date, and had been regularly filed. The omission to so mark it was the blunder of some one, certainly not of the widow; and she ought not to suffer for such mistake. Under the circumstances, the court below would have been justified in ordering the paper to be filed nunc pro tunc. As, however, the widow proceeded to have another appraisement, we are unable to see any good reason why she should be prejudiced by the seeming delay, especially as no one appears to have sustained any real injury thereby. The appellant did not incur any expenses by reason of it, and the allegation that, in the meantime, the personal property had been lost or consumed, is without merit. There appears to have been no personal estate worth speaking of; and, if the administrator did not take charge of what little there was, it was his neglect, not that of the widow. With the exception of a bed and a sewing-machine, the latter of which the testimony shows belonged to the widow, the furniture was not worth the trouble of loading into a wagon and hauling away; at least, so the administrator testified, and if he is mistaken in this, it does not affect the widow's right to exemption, in the absence of any allegation of fraud on her part.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.