Feeser Estate

2

*Swope, Brown & Swope,* for exceptant.
*Bulleit & Bulleit,* contra.

SHEELY, P. J., March 12, 1951.—Claude A. Feeser died February 8, 1950, leaving a will wherein he directed his executors to sell all his personal property and real estate. He then bequeathed to his wife, Effie M. Feeser, such part of his estate as she would be entitled to take under the laws of Pennsylvania and the remainder of his estate he bequeathed to his two sons, Burnell A. Feeser and Wilbur P. Feeser, share and share alike. The two sons were named as executors.

On September 16, 1950, Burnell A. Feeser filed his petition in the orphans' court alleging that decedent

died seized of four tracts of real estate in Adams County and one tract in York County which the executors desired to sell under the direction in the will. He prayed for permission to bid for and to purchase any or all of the real estate and personal property of decedent. Wilbur P. Feeser, the coexecutor and remaining residuary legatee, joined in the petition. At a hearing on the petition on October 16, 1950, Effie M. Feeser appeared by counsel who stated that she had no objection to the granting of the prayer of the petition providing a return of sale be made to the court with an opportunity for her to file exceptions if she so desired. An order was accordingly made authorizing petitioner to bid for the real estate and personal property and providing for a return of sale to be made to the court.

On November 21, 1950, a return was made setting forth that on November 10 and 11, 1950, the executors exposed the real estate and personal property to public sale and that Burnell A. Feeser had become the purchaser of the Moul farm at a price of $14,000, of the Rudisill farm at a price of $16,750, and of the lots known as 617 Third Street, Hanover, Pa., with the improvements, at a price of $8,600, and of certain articles of personal property at a price of $21.05. The remaining real estate and personal property was sold to other persons. The court directed that notice of the return be given to Effie M. Feeser and that unless exceptions were filed thereto prior to December 18, 1950, the sales would be confirmed.

On December 15, 1950, Effie M. Feeser filed exceptions, alleging: (1) That the sale was not properly or sufficiently advertised; (2) that the property was purchased by Burnell A. Feeser as a result of collusive agreements; (3) that the property known as 617 Third Street, Hanover, was claimed by Effie M. Feeser as a portion of the family exemption allowed to her under sections 211 and 213 of the Fiduciaries Act of April 18,

1949, P. L. 512, and that notification of this claim was duly filed with the executors' counsel prior to the sale and was filed with the clerk of courts. At the time fixed for hearing and argument on the exceptions Mrs. Feeser abandoned the first two exceptions and relied upon the third. It was admitted that on November 10, 1950, exceptant served upon counsel and filed in the office of the clerk of the courts a notice that she retained and claimed certain articles of personal property valued at $325.50, and that she retained and claimed the real estate known as 617 Third Street, Hanover, as the remaining portion of the family exemption under sections 211 and 213 of the Fiduciaries Act of 1949.

At the argument we were disturbed by the question whether the widow's right to claim specific real estate as a part of her exemption could be raised in exceptions to the return of sale in this case. The sale was not made pursuant to an order of court, but pursuant to authority in the will. The order of court merely gave the executor the right to bid for, and to become the purchaser of, the real estate and the sole purpose of the return of sale was to test the regularity of the sale and the adequacy of the price. However, since the exception does go to the question of his right to become the purchaser we have come to the conclusion that the question may be raised in this proceeding.

The executors contend that the widow's claim for exemption out of the real estate was not properly made, and that such claim cannot be considered until the widow has petitioned the court to appoint appraisers to value the property under the provisions of section 213 of the Fiduciaries Act of 1949. It is their contention that since section 213 does not specifically impose a duty upon the personal representative to petition for the appointment of appraisers, as was done by section 12(a) of the Fiduciaries Act of 1917, that duty is now imposed upon claimant. Assuming this to be correct,

it does not follow that a petition for the appointment of appraisers must be presented before a claim for a family exemption out of real estate has any validity, or that a widow can acquire no rights until the petition is presented.

There are three steps in connection with the allowance of a claim for a family exemption. First, the person entitled asserts the claim by retaining certain personal property or by notifying the personal representative of the claim. This is done pursuant to the provisions of section 211, which provides that the spouse of any decedent "may retain or claim as an exemption . . . either real or personal property, or both. . . ." Second, the property so claimed must be valued. This is done under the provisions of section 212 as to personal property and under the provisions of section 213 as to real estate. Third, the property so claimed and valued must be set apart to claimant. This is done under the provisions of section 212 as to personal property and under section 213 as to real estate. The right of claimant to the exemption, or to specific property as a part of the exemption, is not finally adjudicated until the property is actually set apart.

Under section 211 the spouse may retain or claim any property "not theretofore sold by the personal representative." As between the right of the spouse to claim specific property and the right of the personal representative to sell such property all that is necessary for the spouse to do is to make the claim. Thereafter a reasonable time may be given to permit the filing of the petition for the appointment of appraisers, and even though the statute does not specifically impose that duty upon the personal representative, we think the petition may be filed either by the spouse or by the personal representative.

The second question raised by the executors is more serious—whether the widow by her action has waived

6

her right to claim the specific real estate as her exemption. It is well recognized that the right to an exemption is a personal right, and if the claim is not made, or if made after an undue length of time, the right is lost as effectively as if it never existed: Degenkolv et al. v. Daube et al., 143 Pa. Superior Ct. 579, 589 (1940). The right may be waived: Davis' Appeal, 34 Pa. 256 (1859). In Kelly's Estate, 3 Dist. R. 15, 16, quoted with approval in Davies' Estate, 146 Pa. Superior Ct. 7, 12 (1941), Penrose, J., said:

"Delay on the part of a widow in the assertion of her right to exemption is evidence of a waiver, and if prolonged unduly or until circumstances have changed or new rights intervened, it may operate as an estoppel. It is, however, susceptible of explanation; and if no one has been prejudiced by it the exemption may still be awarded: Williams's Est., 141 Pa. 436."

In Peebles' Estate, 157 Pa. 605, 609 (1893), it is recognized that a widow may by her own act forfeit or waive her right to claim an exemption. If a widow, or other person entitled, may entirely waive her right to claim an exemption she may also waive her right to claim specific articles or specific real estate as a part of her exemption while still retaining her right to claim her exemption out of other property.

The objection of the widow in this case is to the fact that the executors sold the lot of real estate to the one executor after the widow had claimed the real estate as her exemption. But the sale to the executor was made pursuant to the order of court permitting him to bid on the property and to become the purchaser, to the entry of which order the widow agreed. The situation is different from that in Marshall's Estate, 30 Pa. Superior Ct. 574 (1906). She was not in any way misled as to the intention of the executors to sell the real estate as that intention was fully set forth in the petition. She also knew that by the terms of the will the executors

were directed to sell the real estate at public or private sale. Not only did she agree that the real estate might be sold, but she waited until the day prior to the sale before attempting to assert her claim. Under these circumstances we think her express consent to the sale and to the order permitting the executor to become the purchaser constituted a waiver of her right to claim the specific real estate as part of her exemption. Having consented to the sale she lost her right to claim the specific property, but she could still have become a bidder at the sale and have used her exemption as part payment of the purchase price. She still has the right to claim the exemption out of the fund arising from the sale: Gibson's Estate, 5 Pa. Superior Ct. 57 (1897).

And now, March 12, 1951, the exceptions filed by Effie M. Feeser to the sale of real estate in the Estate of Claude A. Feeser, deceased, are overruled; the sale of the real estate to Burnell A. Feeser as described in the return of sale is approved and confirmed, and it is directed that Wilbur P. Feeser, the coexecutor under the will of decedent, shall execute and deliver a deed for the real estate upon payment of the purchase price.